UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN ADRIAN LEAL GARCIA, | CASE NO. 2:26-cv-01174-DGE |
| Petitioner, | ORDER STRIKING THE SCHEDULING ORDER (DKT. NO.6) AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

This matter comes before the Court on its own review of the record. Petitioner's petition for habeas relief (Dkt. No. 5) filed in this matter is now the Petitioner's only pending petition for habeas relief before this Court.

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition.[1] Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed April 6, 2026). The Habeas Rules also apply to § 2241 petitions. See Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

ORDER STRIKING THE SCHEDULING ORDER (DKT. NO.6) AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION - 1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no claim for relief is stated[.]" *Id.* at 1045 (internal citations and quotations omitted).

A habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Habeas Rule 2(c).

Here, Petitioner's habeas petition is deficient. First, the Petition fails to name his custodian as a Respondent. He lists only "ICE Field Office Director" as a Respondent in his petition. (Dkt. No. 5 at 1.) "[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Rivera-Trigueros v. Becerra*, 720 F. Supp. 3d 808, 811–813 (N.D. Cal. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Doe*, 109 F.4th at 1195–1197. For this matter to proceed, Petitioner must name his current custodian, the warden of the Northwest Immigration and Customs Enforcement

ORDER STRIKING THE SCHEDULING ORDER (DKT. NO.6) AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION - 2

Processing Center, as a respondent.  Otherwise, the Court does not have jurisdiction to review the petition.[2]

Moreover, even if Petitioner had named the proper respondent, his current petition does not provide the Court with enough information to evaluate his claim.  Petitioner has submitted a form habeas petition that does not identify any facts specific to his case other than (1) he has been detained since November 12, 2025; (2) his current charge of removal is for being "an alien present in the United States without being admitted or paroled"; and (3) as of the time of filing, he had been detained for five months.  (Dkt. No. 5 at 1.)  The remainder of his form petition includes what appear to be unrelated legal standards with no apparent application to his case, nor any indication of which causes of action Petitioner is specifically alleging and for what conduct.  (*See id.* at 2–6.)  Because the petition does not identify facts to support a cause of action, his petition is not cognizable.  *Neiss*, 114 F.4th at 1045.

Accordingly, pursuant to the Habeas Rules, the Court STRIKES the scheduling order (Dkt. No. 6) and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than **May 13, 2026**.  Petitioner may use the Court's template petition for writ of habeas corpus under 28 U.S.C. § 2241 as a guide.  Petitioner's amended petition must clearly identify the facts supporting each cause of action in his petition.  If Petitioner fails to file an amended petition or adequately address the issues identified herein by the required deadline, the Court may dismiss this action without prejudice.

---

[2] Petitioner submitted a handwritten note in Spanish as part of his petition identifying an individual as "B. Scott."  (Dkt. No. 5 at 9.)  While Bruce Scott is warden of the NWIPC, this attachment is insufficient for the Court to interpret Petitioner to be naming Scott as respondent.  Moreover, any attachments provided in a language other than English without a certified translation cannot be considered by this Court.

ORDER STRIKING THE SCHEDULING ORDER (DKT. NO.6) AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION - 3

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address. The Clerk is further directed to send Petitioner a copy of the Court's "Petition for a writ of habeas corpus under 28 U.S.C. § 2241 – Immigration Cases Information Sheet."

The Clerk is directed to calendar this event.

Dated this 15th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER STRIKING THE SCHEDULING ORDER (DKT. NO.6) AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION - 4